# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANTHONY DEWITT HOLLAND,<br>Appellant, | DOCKET NUMBER<br>DC-0752-16-0545-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>Agency. | DATE: January 31, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Donald Lemmond</u>, Gastonia, North Carolina, for the appellant.

<u>Brandon L. Truman</u>, Esquire, Charlotte, North Carolina, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to more fully address the appellant's arguments below, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant is a Letter Carrier at the Post Office in Gastonia, North Carolina.  Initial Appeal File (IAF), Tab 1 at 1.  From June 28 through December 26, 2014, he was assigned to work as an acting supervisor.  IAF, Tab 14 at 30.  On September 27, 2014, he suffered on-the-job injuries to his neck and back after another carrier drove off while he was hanging off the back of a vehicle.  IAF, Tab 2 at 7.  He filed a claim for compensation with the Office of Workers' Compensation Programs (OWCP), which OWCP accepted for the conditions of sprain of back, lumbar region, and sprain of neck.  *Id.* at 9.  In December 2014, the appellant returned to work.  IAF, Tab 13 at 65, Tab 14 at 37.

¶3 On February 4, 2015, the appellant notified the Gastonia Postmaster that he could no longer work with the carrier who had deliberately hurt him and requested reassignment to a different facility.  IAF, Tab 8 at 2-3, 11.  He also submitted several letters from his doctors indicating that he should not work with the employee that caused his accident and that he was suffering from post-traumatic stress disorder (PTSD).  *Id.* at 4-7.

¶4     On February 7, 2015, the agency offered the appellant a limited-duty assignment at the Gastonia Post Office. IAF, Tab 14 at 14. The appellant refused the offer explaining that he could not work with the carrier involved in the September 27, 2014 incident. *Id.* The appellant stopped working in February 2015. IAF, Tab 8 at 11. On February 19, 2015, he submitted a request to OWCP to expand his claim to include his PTSD diagnosis. IAF, Tab 13 at 64-65. OWCP denied his request, finding his PTSD was not related to his compensable injuries because it arose after he returned to work following the initial injury when the other employee involved in the incident became reemployed. *Id.*

¶5     In April 2015, the agency searched for, but failed to locate, a position within a 50-mile radius that could accommodate the appellant's restrictions. *Id.* at 68-173. On June 30, 2015, the appellant filed an equal employment opportunity (EEO) complaint alleging the agency had discriminated against him on the basis of his disabilities when it denied his requested accommodation. IAF, Tab 2 at 11. On July 1, 2015, the agency offered the appellant another limited-duty assignment at the Gastonia Post Office. IAF, Tab 13 at 43. The appellant refused this offer, stating his doctor had indicated he should not work with the carrier involved in the September 27, 2014 incident. *Id.* at 43-44. On July 29, 2015, OWCP notified the appellant that it found the July 1, 2015 job offer suitable and in accordance with his medical restrictions. *Id.* at 36. On April 11, 2016, the agency issued a final agency decision (FAD) on the appellant's discrimination complaint, finding no merit to his claims. IAF, Tab 2 at 11-31. The agency's FAD afforded the appellant Board appeal rights. *Id.* at 30.

¶6     On April 29, 2016, the appellant filed a Board appeal identifying the action that he was challenging as "no job with restrictions." IAF, Tab 1 at 4. He subsequently filed a copy of the April 11, 2016 FAD. IAF, Tab 2 at 11-31. The administrative judge issued several jurisdictional orders informing the appellant

of the jurisdictional requirements for a constructive suspension claim and a denial of restoration claim and ordering the appellant to file evidence and argument establishing Board jurisdiction. IAF, Tabs 5, 12. In his responses, the appellant acknowledged that the agency had offered him a job that was within his restrictions, but argued that he should have been offered a supervisor position because at the time of his injury he was working as an acting supervisor. IAF, Tab 15 at 2-3, Tab 18 at 1-2. He also argued that he should have been assigned to a position that did not require him to interact with the carrier involved in the September 27, 2014 incident. IAF, Tab 15 at 2, Tab 18 at 1.

¶7  Based on the written record,[2] the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 20, Initial Decision (ID). The administrative judge found that the appellant failed to nonfrivolously allege, much less prove, that the agency had denied his request for restoration because it was undisputed that he had returned to work partially recovered from a compensable injury, and the agency had offered him modified jobs within his restrictions since February 2015.[3] ID at 3-4.

¶8  The appellant has filed a petition for review in which he reiterates his argument that the agency failed to offer him a position away from the carrier who caused his injuries and disputes the agency's claim that it properly searched for available work at another facility. Petition for Review (PFR) File, Tab 1 at 2. The agency has opposed the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the Board lacks jurisdiction over the appellant's restoration appeal.</u>

¶9  To establish jurisdiction over a claim of denial of restoration as a partially recovered employee for any appeal filed on or after March 30, 2015, an appellant

---

[2] The appellant did not request a hearing. IAF, Tab 1 at 2.

[3] The initial decision erroneously states February 2016. ID at 3.

is required to make nonfrivolous[4] allegations of the following: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious because of the agency's failure to perform its obligations under 5 C.F.R. § 353.301(d). *See Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 11 (2016); 5 C.F.R. § 1201.57(b). After establishing jurisdiction, an appellant must prove the merits of his restoration appeal by a preponderance of the evidence. *Kingsley*, 123 M.S.P.R. 365, ¶ 12; 5 C.F.R. § 1201.57(c)(4).

¶10    We agree with the administrative judge that the appellant failed to nonfrivolously allege that the agency denied his request for restoration because it is undisputed that the appellant returned to work in December 2014, partially recovered from a compensable injury, IAF, Tab 13 at 65, Tab 14 at 37, and the agency subsequently offered him two limited-duty positions, IAF, Tab 13 at 43, Tab 14 at 14. Although the appellant was dissatisfied with the agency's limited-duty assignments, he admits that they were within his physical restrictions. IAF, Tab 15 at 2. Moreover, there is no indication in the record that OWCP ever found such assignments to be unsuitable. To the contrary, OWCP specifically found that the July 1, 2015 position was suitable. IAF, Tab 13 at 36. Decisions on the suitability of an offered position are within the exclusive purview of OWCP, subject to review by the Employees Compensation Review Board, and neither the Board nor the employing agency has the authority to determine whether a position is suitable in light of an employee's particular medical condition. 5 U.S.C. § 8145; *Simonton v. U.S. Postal Service*, 85 M.S.P.R. 189, ¶ 11 (2000).

---

[4] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R § 1201.4(s).

¶11 We find unavailing the appellant's argument that he was denied restoration because the agency failed to offer him a position at another facility that did not require him to work with the coworker involved in the September 27, 2014 incident to accommodate his PTSD. Agencies are required to "make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty." 5 C.F.R. § 353.301(d). A compensable injury is defined as one that is accepted by OWCP as job-related and for which medical or monetary benefits are payable from the Employees' Compensation Fund. *Frye v. U.S. Postal Service*, 102 M.S.P.R. 695, ¶ 9 (2006). Determining whether an individual suffers from a compensable medical condition is within the exclusive purview of OWCP. *Simonton*, 85 M.S.P.R. 189, ¶ 11. Because OWCP determined that the appellant's PTSD was not related to his compensable injury, IAF, Tab 13 at 64-65, the appellant has no restoration rights under 5 C.F.R. part 353 based on this condition, *see, e.g.*, *McFarlane v. U.S. Postal Service*, 110 M.S.P.R. 126, ¶ 16 (2008) (finding that the appellant failed to raise a nonfrivolous allegation of jurisdiction because OWCP had denied his claim of recurrence, and thus, he did not have a compensable injury that would entitle him to restoration).

¶12 Similarly, we find unavailing the appellant's argument that the agency improperly failed to restore him to a supervisory position. An injured employee who partially recovers from a compensable injury may appeal to the Board only for a Board determination of whether the agency acted arbitrarily and capriciously in denying restoration. 5 C.F.R. § 353.304(c). He has no right to appeal an alleged improper restoration. *Jones v. U.S. Postal Service*, 86 M.S.P.R. 464, ¶ 5 (2000).

The Board lacks jurisdiction over the appellant's discrimination claims.

¶13 To the extent the appellant raised a claim of disability discrimination below, IAF, Tab 18 at 1-2, the Board is not authorized to consider claims of

discrimination absent an otherwise appealable action. *See, e.g.*, *Pridgen v. Office of Management & Budget*, 117 M.S.P.R. 665, ¶ 7 (2012). Similarly, the Board lacks jurisdiction over an appeal of the agency's FAD concerning the appellant's EEO complaint. The Board has jurisdiction over an appeal from a FAD only with respect to matters otherwise appealable to the Board. *See* 5 U.S.C. § 7702(a)(1) (providing Board jurisdiction over discrimination claims raised in connection with otherwise appealable actions). Because the Board lacks jurisdiction over the appellant's restoration allegations, it likewise lacks jurisdiction to consider his discrimination claims raised in connection with such allegations. The fact that the agency's FAD provided the appellant with mixed-case appeal rights does not vest the Board with jurisdiction, which is limited by statute, rule, and regulation, over his claims. *See Powell v. Department of the Army*, 9 M.S.P.R. 237, 238 (1981); *see also Sage v. Department of the Army*, 108 M.S.P.R. 398, ¶ 8 (2008) (stating that an agency cannot through its own actions confer or take away Board jurisdiction).

¶14     Accordingly, we affirm, as modified, the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.


FOR THE BOARD:                                      /s/ for
                                                           _____
                                                           Jennifer Everling
                                                           Acting Clerk of the Board

Washington, D.C.